**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY, | ) | |
| | ) | CASE NO.: 16-cv-02145-CSB-EIL |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NATIONAL ASSOCIATION OF | ) | |
| INTERCOLLEGIATE ATHLETICS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO
CONDUCT JURISDICTIONAL AND VENUE DISCOVERY AND TO EXTEND THE
TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS**

The Court should overrule Plaintiff National Casualty Company's ("NCC") Motion for Leave to Conduct Jurisdictional and Venue Discovery and to Extend Time to Respond to Defendant the NAIA's Motion to Dismiss (Doc. 6).  Both parties agree on the standard that the Court should apply to NCC's motion:  "NCC is entitled to jurisdictional discovery if it has established a *prima facie* case for personal jurisdiction over the NAIA."  Doc. 6, p. 3 (citing *Cent. States, Se. and Sw. Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 877-78 (7th Cir. 2006)).  But "[a] *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict."  *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (cited in *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 n.14 (7th Cir. 2003)).  Here, NCC has failed to submit ***any evidence*** that the NAIA is subject to personal jurisdiction in Illinois with regarding to this insurance coverage dispute.  By definition, NCC failed to meet the standard required to conduct jurisdictional discovery.

1

Moreover, the Court should construe NCC's Motion for Leave to Conduct Jurisdictional and Venue Discovery as NCC's opposition to the NAIA's Motion to Dismiss.  Despite failing to submit any evidence, NCC nevertheless describes the type of facts it believes support a finding of personal jurisdiction over the NAIA.  NCC's motion reads like an opposition to the NAIA's motion to dismiss—the majority of its brief argues that the Court should deem the NAIA subject to personal jurisdiction in this case notwithstanding NCC's claim for additional discovery.  For the reasons set forth in the NAIA's Motion to Dismiss, these facts are insufficient to establish personal jurisdiction over the NAIA with respect to this insurance coverage action.

The Court should therefore overrule NCC's motion for jurisdictional discovery and grant the NAIA's Motion to Dismiss or Transfer (Doc. 3).

I.  **NCC's Failure to Submit Any Evidentiary Materials is Fatal to Its Motion for Jurisdictional or Venue Discovery**

When a defendant submits a factually-supported motion to dismiss for lack of personal jurisdiction or lack of venue, "the burden . . . shifts back to the plaintiff to *produce evidence* supporting jurisdiction."  *Meier*, 288 F.3d at 1269 (emphasis added) (cited with approval in *Purdue Research*, 338 F.3d at 783 n.14).  The "prima facie standard"—which NCC repeatedly (and erroneously) claims it has satisfied here—requires a plaintiff to "submit *affirmative evidence* supporting the exercise of jurisdiction."  *Purdue Research*, 338 F.3d at 783.  The *prima facie* standard is a favorable one for plaintiffs.  Under it, "the plaintiff is entitled to have any conflicts in the affidavits (or supporting materials) resolved in its favor."  *Id.* at 782.

It is not, however, a meaningless standard.  At a minimum, it requires that the plaintiff submit *some* affirmative evidence of personal jurisdiction.  *See id.*; *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 619 (1st Cir. 2001) (under the prima facie standard, "the district court is not acting as a factfinder; rather, it accepts *properly supported proffers* of evidence by a

plaintiff as true and makes its ruling as a matter of law" (emphasis added)). This is even demonstrated in a case NCC cites at Doc. 6, p. 3, *Cent. States, Se. and Sw. Areas Pension Fund v. Phencorp Reinsurance Co., Inc.,* 440 440 F.3d 870 (7th Cir. 2006), where the court held that plaintiff's affirmative evidence of tax forms "do help make out the *prima facie* case necessary for Central States to be permitted discovery." *Id.* at 878.

This requirement is consistent with the rationale for jurisdictional discovery: "The purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. It is *not* a vehicle for a fishing expedition in hopes that discovery will sustain the exercise of personal jurisdiction." *Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013).

NCC has failed to satisfy even this minimal requirement here. The Court should overrule its motion for this reason alone.

## II. Discovery is Improper on NCC's Claim for "General Jurisdiction" Because This Theory is Futile

NCC's claim that it needs jurisdictional discovery to prove that the NAIA is subject to general jurisdiction in Illinois should be overruled at the outset. A court must deny a motion for jurisdictional discovery if it is apparent that such discovery would be futile to establishing the plaintiff's theory of personal jurisdiction. *See Simon v. Republic of Hungary*, 37 F. Supp. 3d 381, 394 (D.D.C. 2014) ("the Court denies this request for jurisdictional discovery because it would be futile"), *aff'd in part, rev'd on other grounds,* 812 F.3d 127 (D.C. Cir. 2016); *W. Marine Products, Inc. v. Dolphinite, Inc.*, No. CIV.A. 04-10251-PBS, 2005 WL 1000259, at *6 (D. Mass. Apr. 6, 2005) (denying plaintiff's request for jurisdictional discovery as "futile" because "the factual predicate for jurisdiction that is proffered by the plaintiff falls so far short of the minimum contacts necessary . . . to sustain general jurisdiction").

3

As the Supreme Court has noted "'continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'"  *Daimler AG v. Bauman*, 134 S. Ct. 746, 757 (2014) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 318 (1945)).  Rather, a corporation is subject to general jurisdiction outside its "place of incorporation and principal place of business" only in "exceptional cases."  *Id.*  Especially in light of the restrictions on general jurisdiction recently clarified in *Daimler*, NCC's attempt to establish that that the NAIA is subject to general jurisdiction in Illinois court is plainly futile.  *See Simon*, 37 F. Supp. at 394 (D.D.C. 2014) ("in light of recent Supreme Court precedent regarding the assertion of personal jurisdiction on a general jurisdiction theory [referencing *Daimler*], the Court denies this request for jurisdictional discovery because it would be futile.").

Indeed, the only "exceptional case" that the Supreme Court has ever identified where a corporation was subject to personal jurisdiction outside of its state of incorporation or principal place of business is *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952).  In that case,

> The defendant in *Perkins*, Benguet, was a company incorporated under the laws of the Philippines, where it operated gold and silver mines.  Banquet ceased its mining operations during the Japanese occupation of the Philippines in World War II; its president moved to Ohio, where he kept an office, maintained the company's files, and oversaw the company's activities. . . . We held that the Ohio courts could exercise general jurisdiction over Benguet without offending due process.  That was so, we later noted, because "Ohio was the corporation's principal, if temporary, place of business."

*Daimler*, 134 S. Ct. at 756 (summarizing *Perkins*, 342 U.S. at 438).

Courts have declined to exercise general jurisdiction over corporations like Wal-Mart and Ford, whose contacts with the relevant forum states dwarf any contacts that NCC speculates it could identify between the NAIA and Illinois, even with extensive discovery.  *See Follette v. Clairol, Inc.*, 829 F. Supp. 840, 845 (W.D. La.)  (holding that Wal-Mart is not subject to general jurisdiction in Texas because despite operating 264 retail stores, owning a Texas corporation,

and employing thousands of Texas residents because Texas is not its state of incorporation or principal place of business); *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955 (N.D. Cal. 2015) (holding that Ford Motor Company is not subject to general jurisdiction in California despite its extensive contacts for the same reason).

Despite this precedent, NCC nevertheless insists that the NAIA—a small non-profit entity incorporated and located in Missouri—is subject to jurisdiction in Illinois because 11 of their 250 member institutions are located there, and because it has occasionally hosted playoff and championship games in Illinois. *See* Doc. 5, p. 9 (noting that the NAIA's website shows that "eleven colleges in Illinois as current members, including Olivet Nazarene"; and that "the NAIA held the Men's Golf Championship in Silvis, Illinois" in May of 2016 and will do so again next year").

First, NCC is focusing on events that either occurred long *before or after* NCC filed this lawsuit. Personal jurisdiction, however, "depends on whether the trial court has jurisdiction over the defendant at the time the suit is filed." *Quest Sports Surfacing, LLC v. 1st Turf, Inc.*, No. 1:07CV0907DFH-WGH, 2008 WL 3853385, at *3 (S.D. Ind. Aug. 15, 2008); *see also Cent. States*, 440 F.3d at 877 (tax forms issued between 2000 and 2002 and policies that expired well before plaintiff filed suit in 2004 were insufficient to demonstrate sufficient contacts). Any NAIA-sponsored events occurring well before or after NCC filed its Complaint on January 27, 2016 are irrelevant to this Court's personal jurisdiction analysis.

Second, the level of contact NCC claims it can establish is plainly insufficient to render the NAIA "essentially at home" in Illinois. Additional discovery about "the length of time each Illinois school was a member of the NAIA, the myriad championships and events the NAIA has held in Illinois, and the plethora of other business regularly conducted by the NAIA in the State

of Illinois," *id.*, does not change this result.  Such facts will not show that this case meets the "exceptional case" standard which the Supreme Court has only once deemed satisfied; and which corporate giants like Wal-Mart and Ford failed to satisfy.

For these reasons, the Court should deny NCC's request for discovery on its general jurisdiction theory as futile.

## III.    NCC Has Failed to Make Prima Facie Showing of Specific Personal Jurisdiction

NCC also claims repeatedly that has made a *prima facie* showing that an Illinois court may exercise ***specific*** personal jurisdiction over the NAIA.  Although NCC fails to explain precisely how it has done so, its motion references three categories of "facts" that it apparently believes establish its *prima facie* case:  (1) the allegations contained in its Complaint; (3) the "known" public facts referenced in its motion; and (3) the facts it anticipates developing through discovery.  But none of the facts NCC identifies—even if presumed true or developed favorably through discovery—actually establish an Illinois court's specific jurisdiction over the NAIA with respect this the insurance coverage action.

### A.  The Sparse and Conclusory Jurisdictional Allegations in NCC's Complaint Fail to Support a *Prima Facie* Showing of Specific Personal Jurisdiction

Just two paragraphs of NCC's Complaint purport to allege facts establishing that an Illinois court has personal jurisdiction over the NAIA:

> 6.  This court has jurisdiction over all parties since they either transact business in Illinois or have sufficient minimum contacts with Illinois in relation to the coverage question at issue.

> 7.  Venue is proper in this Court . . . because the incident giving rise to the underlying lawsuit occurred in Kankakee County and the underlying lawsuit is pending in the Circuit court of Kankakee County following the NAIA's motion to transfer it there.

Doc. 1-2.

Courts consistently have found such conclusory allegations insufficent to satisfy a plaintiff's burden to make a *prima facie* showing of personal jurisdiction. *See Gerk v. CL Med. SARL*, No. 15-1145, 2015 WL 7777236, at *4 (C.D. Ill. Dec. 2, 2015) (where the Complaint contained only conclusory allegations, the plaintiff had failed to "establish[] 'a colorable or prima facie showing of personal jurisdiction' necessary to allow discovery'" (quoting *Cent. States*, 230 F.3d at 946)); *Meltzer v. McGeorge Sch. of Law*, No. 87 C 2542, 1987 WL 28263, at *2 (N.D. Ill. Nov. 16, 1987), *aff'd*, 869 F.2d 1495 (7th Cir. 1989); *Genetic Techs. Ltd. v. Interleukin Genetics Inc.*, No. 10-CV-69-BBC, 2010 WL 3122304, at *2 (W.D. Wis. Aug. 9, 2010) (plaintiff who "simply allege[d] generally that each defendant has 'committed such purposeful acts and/or transactions in Wisconsin that they reasonably knew and/or expected that they could be haled into court as a future consequence of such activity'" . . . had failed to "make out a prima facie showing that exercising personal jurisdiction over [the defendants] would be appropriate"); *Cross v. Simons*, 729 F. Supp. 588, 591 n.2 (N.D. Ill. 1989) ("a conclusory allegation of the solicitation of business in a pleading is insufficient to establish a *prima facie* case of *in personam* jurisdiction").

The remaining allegations simply describe the Underlying Suit and reference various parts of the NAIA's insurance policies. None of these allegations identifies any contacts with Illinois pertaining to the performance, contemplated future consequences, or terms of the policies; or pertaining to the actual course of dealing between NCC and the NAIA. The facts alleged in the Complaint therefore cannot be the source of the *prima facie* showing of personal jurisdiction that NCC purports to have made.

## B. NCC's Description of "Publicly Known" Facts also Fail to Make a Prime Facie Showing of Specific Personal Jurisdiction

7

Next NCC asserts that "publicly available information" demonstrates that an Illinois court may exercise personal jurisdiction over the NAIA with respect this coverage action.  Doc. 6, p. 4.  This information identified in NCC's motion includes the following:

- There are at least "eleven [NAIA] member schools" in Illinois;

- The NAIA is currently involved "in litigation in the State of Illinois—namely, the Kankakee County Lawsuit that forms the basis for the coverage questions raised by NCC's declaratory judgment action";

- "[T]he NAIA has never challenged the Kankakee County Court's jurisdiction over it in the Kankakee County Lawsuit"; and

- The NAIA has hosted various "playoff or championship games" on campus sites, some of which are in Illinois.

*Id.*, p. 5.  Each of these facts reveals that NCC is pursuing a theory of personal jurisdictional theory that overlooks the well-settled distinctions between the jurisdictional standards governing tort suits and those governing a coverage action.

As the NAIA explained it its motion to dismiss, the "transaction or occurrence" underlying a declaratory judgment action is not the underlying tort suit, but the formation of an insurance contract and the insurer's decision to deny coverage.  Doc. 3, pp. 6-8 (citing *St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp.*, No. 05 C 5484, 2006 WL 1543275, at *3 (N.D. Ill. June 1, 2006) ("the important event underlying the declaratory judgment action, the decision to deny coverage, was made at the [insurer's corporate headquarters]") (collecting cases); *Evangelical Lutheran Church In Am. v. Atl. Mut. Ins. Co.*, 973 F. Supp. 820, 823 (N.D. Ill. 1997) ("[T]he event underlying this declaratory judgment action is Atlantic Mutual's decision to deny coverage.  The instant lawsuit has nothing to do with the merits of the underlying sexual misconduct action."); *TIG Ins. Co. v. Brightly Galvanized Products, Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996) ("The issues before the Indiana court undoubtedly involve issues such as liability

8

of different persons under environmental statutes and damages due to environmental contamination—topics wholly unrelated to insurance coverage."); *Nat'l Indem. Co. v. Pierce Waste Oil Serv., Inc.*, 740 F. Supp. 721, 724 (E.D. Mo. 1990)).

NCC makes no attempt to argue that the operative transaction or occurrence for purposes of determining specific jurisdiction is anything other than the formation of an insurance contract and its own decision to deny coverage.  Judged by this standard, each of the "publicly known" facts referenced by NCC are irrelevant to whether an Illinois court may exercise specific personal jurisdiction over the NAIA in this specific case.

The number of NAIA member schools in Illinois is irrelevant to the question of specific jurisdiction, as the policies insure only the NAIA entity, its officers, and directors—all of which are located in Missouri—and not the individual member institutions.  The NAIA's involvement as a defendant in a tort lawsuit in Kankakee County is also irrelevant because the Irvins' decision to file a lawsuit in Illinois—a "unilateral act of another party," *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)—cannot serve as the basis for specific personal jurisdiction.  *See also Am. Cas. Co. of Reading, PA v. River's Edge Pharm., LLC*, No. SA-05-CA-525-FB, 2006 WL 62819, at *10 (W.D. Tex. Jan. 10, 2006) (conducting a comprehensive review of prior case law and concluding that no court "has held . . . that an underlying suit in the forum state automatically constitutes the minimum contact necessary to satisfy due process").  Finally, the NAIA's decision not to contest specific personal jurisdiction is irrelevant for the same reason:  Mr. Irvin's alleged injuries occurred there and allegedly "arose out of" the NAIA's conduct in Illinois.[1]

---

[1]This analysis also shows why NCC's claim that the "NAIA's representations and arguments in support of its Motion to Dismiss . . . conflict with the public information and prior conduct of the parties," *id.*, is unfounded.  Public information about the NAIA's activities in Illinois is not inconsistent with an argument that this case does not "arise out of" those contacts in Illinois.  Nor is it inconsistent with the

Each of these "publicly known" facts identified by the NAIA fail to support an Illinois court's exercise of specific jurisdiction over the NAIA in this coverage suit. Accordingly, they too cannot be the source of the prima facie case of personal jurisdiction NCC claims to have made here.

### C. The Jurisdictional Facts NCC Claim it Will Develop Through Jurisdictional Discovery—Even if Presumed True—Fail to Establish Specific Personal Jurisdiction

Finally, NCC asserts that, through discovery, it can identify facts establishing that an Illinois court may exercise personal jurisdiction over the NAIA. Specifically, NCC states that it needs discovery to develop the following facts:

- "whether additional schools in Illinois were members in the past"'

- "length of time each Illinois school was a member of the NAIA";

- "the myriad championships and events the NAIA has held in Illinois";

- "and the plethora of other business regularly conducted by the NAIA in the State of Illinois."

Doc. 6, p. 5.

Even if the facts NCC discovers on these issues reveal additional contacts with Illinois, they are still insufficient to establish specific personal jurisdiction over the NAIA. Critically, none of these categories of facts on which NCC seeks discovery "arise out of" the formation of the insurance contracts at issue, or NCC's decision to defend or indemnify the NAIA under them. *See St. Paul Fire*, 2006 WL 1543275, at *3.

In sum, NCC has failed to identify any facts—including those alleged in its Complaint, those known to NCC presently, and those on which NCC seeks discovery—that would establish

---

NAIA's decision not to contest personal jurisdiction in the Underlying Suit, as that action arises from a wholly distinct set of contacts with Illinois. In any event, NCC fails to develop this argument beyond this conclusory statement.

an Illinois court's personal jurisdiction over the NAIA in this lawsuit.  To the contrary, NCC's briefing shows that it seeks to subject the NAIA to the burden of discovery to chase a theory that is insufficient as a matter of law.  Thus, even "draw[ing] all reasonable inferences . . . and resolv[ing] all factual disputes in the plaintiff's favor," NCC has still failed to make a prima facie showing of personal jurisdiction over the NAIA."  *Howard Acquisitions, LLC v. Giannasca New Orleans, LLC*, No. CIV. WDQ-09-2651, 2010 WL 889551, at *3 (D. Md. Mar. 5, 2010).

## IV.   NCC Already Has Access to the Relevant Jurisdictional Facts.

NCC cannot credibly assert that it needs the benefit of discovery in order to carry its minimal *prima facie* burden to show that the NAIA is subject to personal jurisdiction in Illinois with respect to the insurance policies at issue.  As the NAIA explained in its motion, the Court must evaluate specific jurisdiction over the NAIA in this coverage-declaration action under the jurisdictional standards for contract actions set forth in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).  *See* Doc. 3, pp. 8-10 (citing *Liberty Life Assur. Co. of Boston v. Savage*, No. 00 C 4117, 2001 WL 214204, at *3 (N.D. Ill. Mar. 2, 2001); *BA Sec., Inc. v. Sun Land Beef Co.*, No. 96 C 8615, 1997 WL 285880, at *2 (N.D. Ill. May 23, 1997)).

These factors require the Court to consider (1) the situs of the parties' prior negotiations; (2) the location of anticipated future consequences; (3) the terms of the contracts at issue; and (4) the parties' actual course of dealing.  *Id.*  Each of these depends on facts to which NCC—as the NAIA's insurer and the counterparty the policies—necessarily has equal access.  Jurisdictional discovery therefore will burden the NAIA without placing NCC in any better position than it would have obtained by conducting its own due diligence.

## V.   The Positions NCC Seeks to Develop Through Discovery Would Prejudice the NAIA's Defense in the Underlying Suit and Violate the Fiduciary Duty NCC Owes to the NAIA

11

Finally, the Court should deny NCC's motion because the positions NCC seeks to develop through discovery would potentially prejudice the NAIA and violate the fiduciary duty it owes to the NAIA under Missouri law. Missouri law creates a fiduciary relationship between a liability carrier and its insured when the insurer provides a defense to a lawsuit against the insured. *See Dairy Farmers of Am., Inc. v. Travelers Ins. Co.*, 292 F.3d 567, 573 (8th Cir. 2002). In its motion, NCC asserts that the NAIA is subject to jurisdiction in Illinois based on in "governance of athletic programs" for Illinois-member institutions. Doc. 6, p. 5. This theory is similar to the Plaintiffs' allegations against the NAIA in the Underling Lawsuit. *See* Doc. 1-3, ¶¶ 47-48, 56. The Court should not permit a liability carrier to undertake a fishing expedition against its insured to try to establish that an Illinois court has jurisdiction over this insurance coverage dispute.

## VI.   The Court Can Avoid the Jurisdictional Question by Transferring Venue to the Western District of Missouri

Fortunately, the Court can avoid the personal jurisdiction question and potential prejudice it might entail by simply transferring this case this case to the Western District of Missouri. *See* Doc. 3, pp. 11-12 (stating that the Court may order a transfer of venue without resolving the personal jurisdiction issue).

NCC's conclusory assertions are insufficient to entitle it to venue discovery. In its Motion to Dismiss or Transfer, the NAIA provided argument about why a declaratory judgment plaintiff's forum choice should be accorded little deference. It also provided an affidavit showing that litigating in the Western District of Missouri would be more convenient for both parties.

NCC had a full opportunity to submit any evidentiary materials in opposition to the NAIA's motion for transfer. The factors governing a transfer of venue under 28 U.S.C. §

1404(a)—the situs of material events; the relative ease of access to sources of proof; the convenience of the witnesses; and the convenience to the parties, *see Washington Nat. Life Ins. Co. v. Calcasieu Par. Sch. Bd.*, No. 05 C 2551, 2006 WL 1215413, at *7 (N.D. Ill. May 2, 2006)—depend on facts within NCC's knowledge and possession.  NCC could have submitted affidavits or other documentary evidence showing why litigating in the Western District of Missouri would be inconvenient under the factors governing motions for venue transfer.

Instead, NCC repeated its conclusory claim that discovery would be "useful" in formulating its opposition to the NAIA's transfer request, without explaining how.  NCC's effort here is simply insufficient to entitle it to venue (or jurisdictional) discovery.  *Hollander v. Hospira, Inc.*, No. 2:10-CV-00235-JD, 2010 WL 4751669, at *3 (E.D. Pa. Nov. 22, 2010) (denying motion for venue discovery where the defendant set forth basis for transfer and, like here, the plaintiff "ha[d] not presented any evidence or allegations to the contrary").

Finally, NCC's argument that "this Court and the Circuit Court of Kankakee County are the only courts where ***all*** defendants to this declaratory judgment action may be susceptible to personal jurisdiction," Doc. 6, p. 4, is a red herring.  It should not factor into this Court's analysis for three reasons:  *First*, the limitations on a court's personal jurisdiction are imposed by the Due Process Clause of the United States Constitution.  They cannot be overridden simply because it would better suit a plaintiff's litigation strategy.  *Second*, it is far from clear that the Irvins—as Pennsylvania residents—are subject to an Illinois court's personal jurisdiction with respect to this separate coverage action.  They could just as easily consent to jurisdiction in Missouri as in Illinois.  *Third*, NCC can still maintain this suit in the absence of the Irvins.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Mead Johnson & Co.*, No. CIV.A. 11-10042-NMG, 2011 WL 6148656, at *9 (D. Mass. Dec. 8, 2011) (reviewing federal cases and finding no "*per se* rule that

13

an insurer may not maintain a declaratory judgment action against its insured without joining the injured party as an additional defendant"); *see also Cardin v. Missouri Intergovernmental Risk Mgmt. Ass'n*, 258 S.W.3d 547, 560 (Mo. Ct. App. 2008) (holding that absent a judgment or settlement against the insured, a tort claimant lacked standing to litigate a declaratory judgment action against an insurer); *Hardware Ctr., Inc. v. Parkedge Corp.*, 618 S.W.2d 689, 694 (Mo. Ct. App. 1981) (same).  NCC has cited no authority to the contrary.  This is especially true here, because the only ripe claim in this lawsuit is NCC's duty to defend claim, which unquestionably does not require the Irvins' participation.  Doc. 3, pp. 13-14 (collecting Seventh Circuit cases in accord).

Accordingly, the Court should overrule NCC's Motion for Leave to Conduct Jurisdictional and Venue Discovery (Doc. 6), construe NCC's motion as its opposition to the NAIA's Motion to Dismiss or Transfer (Doc. 3), and grant the NAIA's Motion to Dismiss for the reasons stated therein.

Respectfully Submitted,

/s/ Patrick D. Kuehl, Jr.
Patrick D. Kuehl, Jr.          MO Bar# 52370
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080 (FAX)
patrick.kuehl@huschblackwell.com

**Attorney for Defendant National Association of Intercollegiate Athletics**

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 5, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered with the Court's CM/EFC system.  In addition, I have sent copies of the forgoing to all counsel listed below by electronic mail.

**Jonathan L Schwartz**
GOLDBERG SEGALLA LLP
Suite 2450
311 South Wacker Drive
Chicago, IL 60606
312-572-8411
Fax: 312-572-8401
Email: jschwartz@goldbergsegalla.com

**David Baluk**
SHRADER & ASSOCIATES LLP
Ste 390
3900 Essex Lane
Houston, TX 77027
713-782-0000
Fax: 713-571-9605
Email: david@shraderlaw.com

**Colin B Willmott**
GOLDBERG SEGALLA LLP
Suite 2450
311 South Wacker Drive
Chicago, IL 60606
312-572-8414
Fax: 312-572-8401
Email: cwillmott@goldbergsegalla.com

**James Spiros**
SPIROS LAW PC
Suite 3
2807 North Vermilion
Danville, IL 61832
217-443-4343
Fax: 217-443-4545
Email: jspiros@spiroslaw.com

***Attorneys for Plaintiff National Casualty Company***

**Justin H Shrader**
SHRADER & ASSOCIATES LLP
22A Ginger Creek Parkway
Glen Carbon, IL 52034
618-659-0001
Fax: 713-571-9605
Email: justin@shraderlaw.com

***Attorneys for Defendants Nathaniel Seth Irvin and Lisa Marie Thomas***

/s/ Patrick D. Kuehl, Jr.

KCP-4714182-2