UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| NATIONAL CASUALTY COMPANY, | |
| Plaintiff, | |
| v. | Case No. 16-2145 |
| NATIONAL ASSOCIATION OF INTERCOLLEGIATE ATHLETICS, et al. | |
| Defendants. | |

ORDER

This case is before the Court on the Motion to Compel Defendant National Association of Intercollegiate Athletics' Complete Responses to Jurisdictional and Venue Discovery (#11) filed by Plaintiff National Casualty Company ("NCC"). Defendant National Association of Intercollegiate Athletics ("NAIA") filed its Memorandum in Opposition (#16) to Plaintiff's Motion. The Court has reviewed the Motion and Opposition, as well as the oral arguments presented by counsel, and for the reasons discussed below, Plaintiff's Motion to Compel Defendant National Association of Intercollegiate Athletics' Complete Responses to Jurisdictional and Venue Discovery (#11) is DENIED.

I.  Background

    a.  **Jurisdictional and Venue Discovery**

NCC initially filed this declaratory judgment action in this Court, but then voluntarily dismissed the action and refiled in the Circuit Court of Kankakee County. Defendant NAIA removed the action to this Court on May 26, 2016. The parties dispute whether NCC has a duty to defend and indemnify the NAIA under the terms of the parties' insurance contract with respect to a lawsuit pending in Kankakee County. The underlying lawsuit was filed by an individual who was injured while playing football

at one of the NAIA's member schools, Olivet Nazarene. NCC is currently defending the NAIA in the underlying suit in Kankakee County pursuant to a reservation of rights.

NAIA filed a Motion to Dismiss on June 2, 2016, alleging, in part, that this Court lacks personal jurisdiction over NAIA and that the venue is improper. On June 13, 2016, NCC filed a motion for leave to conduct limited jurisdictional and venue discovery before responding to NAIA's Motion to Dismiss. On September 26, 2016, Plaintiff filed a Motion to Compel Complete Responses to Jurisdictional and Venue Discovery (#11). Defendant filed a Memorandum in Opposition to Plaintiff's Motion (#16) on October 14, 2016. On November 8, 2016, the Court held a telephonic hearing with both parties to address the outstanding discovery issues surrounding Plaintiff's Motion to Compel.

**b. The November 8, 2016, Telephonic Hearing**

At the November 8, 2016, telephonic hearing on Plaintiff's Motion, the parties reached a compromise on several of Plaintiff's outstanding discovery requests, thereby mooting a large part of the pending motion.[1] The Motion is therefore denied as it relates to those requests.

However, the parties could not reach agreement on Plaintiff's document production request #7, which asks for communications involving the Defendant's decision to not challenge personal jurisdiction in the underlying Kankakee County lawsuit. The parties disagreed as to which state's privilege law applies to this particular dispute, and whether that law protects the communications at issue.

---

[1] The Court's notes indicate that, regarding Plaintiff's interrogatory #2 and document production request #17, Plaintiff and Defendant agreed that Defendant would produce information and documents relating to events or programs hosted by the NAIA in Illinois from 2007 to present. Regarding Plaintiff's document production request #14, Plaintiff and Defendant agreed to narrow the scope of the request to contracts that the NAIA has or had with Illinois entities where the NAIA consented to jurisdiction in Illinois and/or consented to being governed by Illinois law. With respect to Plaintiff's request for production of documents #16, the parties agreed that NAIA would produce marketing and advertising material relating to at least one NAIA hosted event in Illinois (the parties agreed to work cooperatively to identify which event would be representative).

Regarding Plaintiff's interrogatories #23-25 directed at venue, after a short discussion, NCC withdrew its motion to compel on those requests.

## II.  Analysis

### a.  Document Production Request #7

Plaintiff's document production request #7 seeks information concerning why Defendant acquiesced to the court's jurisdiction in the underlying Kankakee County lawsuit. Defendant has refused to produce any responsive documents, invoking the attorney-client privilege and the protections of the work-product doctrine. Plaintiff argues that, under the Cooperation Clause and the Common Interest Doctrine, Defendant is prohibited from withholding this information from Plaintiff, who is Defendant's insurer. To support its position, Plaintiff relies on W*aste Mgmt., Inc. v. Int'l Surplus Lines Ins. Co.*, 144 Ill.2d 178, 189-98 (1991) and the premise that Illinois privilege law applies. Defendant counters that Missouri substantive law governs the coverage dispute, and therefore Missouri privilege law controls.  The *Waste Management* decision and Illinois privilege law are inapplicable, according to Defendant.

NCC is correct that NAIA's decisions to acquiesce to an Illinois court's jurisdiction is relevant to whether it would be fair and reasonable to require the NAIA to litigate in this Court.

Regardless, the Court finds that the communications are protected as reflecting attorney work product.  The application of the work-product doctrine is governed by federal law.  FED. R. CIV. P. 26(b)(3). Therefore, Defendant is correct that the *Waste Management* decision does not apply to the extent that Defendant is claiming these documents are subject to protection by the work-product doctrine. *See Beloit Liquidating Trust v. Century Indem. Co.*, 2003 U.S. Dist. LEXIS 2082, at *33 (N.D. Ill. 2003).

To establish that something is protected as work product, Defendant must show that the documents were prepared by an attorney or the attorney's agent in anticipation of litigation for purposes of analyzing, evaluating, or preparing the client's case. *See United States v. Smith*, 502 F.3d 680, 689 (7th Cir. 2007); *see also RBS Citizens v. Husain*, 291 F.R.D. 209, 220 (N.D. Ill. 2013) (noting that the "work product doctrine protects litigation preparation efforts taken by counsel or at her direction").  Once categorized as work product, Plaintiff is required to show that it has "substantial need for the

materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Regardless, the Court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed.R.Civ.P. 26(b)(3)(B). This request seeks Defense counsel's analysis and application of jurisdictional issues, along with Defense counsel's communications relating to this analysis. The analysis and application are clearly in anticipation of the impending litigation in Kankakee County. Moreover, at this juncture, Plaintiff has not made the requisite showing of substantial need and undue hardship to force production of this material. The mere fact that NAIA has acquiesced to jurisdiction in Illinois in the underlying lawsuit is sufficient to demonstrate Plaintiff's point regarding the fundamental fairness analysis at issue. Even if a substantial need existed, at this stage of the litigation, the Court would protect against the disclosure of the attorney's mental impressions under Rule 26(b)(3)(B).

Given that the Court has found that the communications sought by Plaintiff's Request for Production #7 are protected as work product under federal law, there is no need to address the application of the attorney client privilege under either Illinois or Missouri law.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel Defendant National Association of Intercollegiate Athletics' Complete Responses to Jurisdictional and Venue Discovery (#11) is DENIED. Defendant will respond to Plaintiff's interrogatory #2 and document production requests #14, #16, and #17, pursuant to the agreement reached during the telephonic hearing. Plaintiff's Motion to Compel is DENIED with respect to document production request #7.

ENTERED this 10th day of November, 2016.

s/ERIC I. LONG  
UNITED STATES MAGISTRATE JUDGE